Defendant-appellant, Gregory Hundley, appeals his conviction in the Clermont County Court of Common Pleas for receiving stolen property. We affirm.
On January 15, 1997, Randy Wykoff saw a white van drive slowly through the parking lot of his apartment complex at 121 Piccadilly Square in Clermont County. On the morning of January 16, 1997, Wykoff found his 1994 Chevrolet Blazer missing four Uniroyal Tiger Paw tires and rims. His mother called the Union Township police and reported the theft. Meanwhile, Wykoff went to look for the white van he saw the day before and found it in a neighboring parking lot within the same complex. When the police arrived, Wykoff directed Officers Davis and Dunkman of the Union Township Police Department to the white van. When the officers located the van, Officer Dunkman peered into the van and saw four dirty Uniroyal Tiger Paw tires with rims [hereinafter tires], a jack, a tool box, and some tools. Officer Dunkman showed Wykoff the tires and Wykoff identified the tires as his own.
After checking the license plate, Officer Dunkman discovered that the van was owned by appellant. Appellant, who was staying with a friend at the Piccadilly apartment complex, approached the police officers. When appellant failed to explain the presence of the tires in his van, he was arrested. Officer Dunkman had the van towed to the Union Township Police Station where he photographed and inventoried the items.
On January 17, 1997, the Union Township Police Department released the tires to Wykoff. The record is unclear as to when, but afterwards the photographs were lost and a second set of photographs were taken of the tires while they were mounted on Wykoff's vehicle.
On June 25, 1997, appellant was indicted by the grand jury for receiving stolen property in violation of R.C. 2913.51(A). On January 12, 1998, a jury trial was held. During this two day trial, the prosecution introduced the second set of photographs of the tires into evidence. Appellant sought to suppress the photographs because they were prejudicial. The trial court admitted the photographs over appellant's objections.
On January 13, 1998, the jury returned a verdict finding appellant guilty of receiving stolen property. On February 12, 1998, the trial court sentenced appellant to one hundred eighty days in the Clermont County Jail and ordered restitution of $20 to Wykoff.
Appellant filed a timely appeal and asserts three assignments of error.
Assignment of Error No. 1:
 THE STATE'S FAILURE TO PRESERVE MATERIAL EXCULPATORY EVIDENCE CONSTITUTES A VIOLATION OF THE APPELLANT'S DUE PROCESS RIGHTS.
Assignment of Error No. 2:
 THE TRIAL COURT FAILED TO SUSTAIN THE OBJECTION OF DEFENSE COUNSEL AND IMPROPERLY ADMITTED THE PHOTOGRAPHIC EXHIBITS 3 THROUGH 7.
Assignment of Error No. 3:
 THE JUDGMENT ENTERED HEREIN WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE, THEREBY WARRANTING REVERSAL AND REMAND FOR A NEW TRIAL.
In his first assignment of error, appellant asserts that his due process rights were violated. Appellant claims that the four Uniroyal Tiger Paw tires the police confiscated from his van were materially exculpatory evidence and that the state's failure to preserve them and the original set of photographs for trial violated his due process rights. We disagree.
It is well-settled that the state's failure to preserve materially exculpatory evidence violates the defendant's due process rights under the Fourteenth Amendment of the ___ U.S. ___ Constitution. Arizona v. Youngblood (1988), 488 ___ U.S. ___ 51, 109 S.Ct. 333. However, the burden rests with the defendant to prove that the evidence in question was materially exculpatory. State v. Jackson (1991), 57 Ohio St.3d 29, 33. Such evidence is deemed materially exculpatory if "there is a `reasonable probability' that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." State v. Johnston (1988),39 Ohio St.3d 48, 61, citing United States v. Bagley (1984),473 U.S. 667, 105 S.Ct. 3375. "A `reasonable probability' is sufficient to undermine confidence in the outcome." Jackson,57 Ohio St.3d at 33.
In contrast, evidence is not materially exculpatory if it is potentially useful. State v. Lewis (1990), 70 Ohio App.3d 624. Potentially useful evidence indicates that the evidence may or may not have incriminated the defendant. See id. at 634. When evidence is only potentially useful, the defendant must demonstrate that the lost, destroyed, or altered evidence was the result of bad faith on the part of the state. Id. (explaining that Youngblood drew a distinction between exculpatory and potentially exculpatory evidence).
Appellant claims that since the ownership of the tires was a crucial issue at the trial, the lost photographs and/or the tires were materially exculpatory evidence. In support of this claim, appellant introduced his receipt for the purchase of the tires and relies upon the testimony of William Myers, owner of R B Sales. However, the brand of the tires was not indicated on the receipt. In addition, Myers identified the receipt as coming from R B Sales, but Myers could not specifically recall selling the tires to appellant. Myers further testified that he sells many used tires and would be unable to identify the tires for which the receipt reflected.
Based on the foregoing testimony, this court finds that had the original photographs or the tires been available, Myers would not have been able to positively identify them as the tires appellant claimed to have purchased. Therefore, we find that there is not a reasonable probability that had the photographs and/or the tires been available, it would have undermined the outcome of appellant's trial. As a result, appellant has not met his burden to demonstrate that the tires and/or the original photographs were materially exculpatory evidence.
At best, we find that the original photographs and the tires were potentially useful evidence. Thus, appellant must show that the Union Township Police Department acted in bad faith when they lost the original photographs and released the tires to Wykoff. At the time the police department released the tires, they believed that the evidence was adequately preserved since they photographed the tires at the time of appellant's arrest. Further, the prosecution claimed that at the time of appellant's arrest, appellant denied ownership of the tires when he indicated to Officer Dunkman that he did not know how the tires got into his van. Since appellant never made an attempt before trial to inform the Union Township Police Department that he owned the tires, we find that the state did not act in bad faith when it released the tires to Wykoff. In addition, the photographs were lost as a result of the remodeling of the evidence room. We hold this to be insufficient to establish bad faith. Based on the foregoing, appellant's first assignment of error is overruled.
In his second assignment of error, appellant argues that the trial court committed reversible error when it admitted the second set of photographs of the tires. Appellant argues that these photographs were unfairly prejudicial and were not properly authenticated. We disagree.
Relevant evidence is subject to the balancing test of Evid.R. 403. Evid.R. 403 excludes evidence if its probative value is substantially outweighed by unfair prejudice, confusion of issues, or misleading the jury. The admission or exclusion of relevant evidence rest within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173. Therefore, a reviewing court should not interfere with a lower court's decision to admit evidence under Evid.R. 403 unless it is clear that the lower court abused its discretion. State v. Allen (1985), 73 Ohio St.3d 626. Abuse of discretion means more than an error of law or of judgment; it implies that the court's attitude is arbitrary, unreasonable, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157.
Evid.R. 901(A) states that evidence is authenticated when there is sufficient evidence to support a finding that the evidence sought to be introduced is what the proponent claims it to be. To properly authenticate photographs, the proponent need only produce testimony from someone with knowledge who can state that the photographs represent a fair and accurate depiction of the actual item at the time the picture was taken. State v. Peine (July 21, 1989), Lake App. No. 13-088, unreported, at 7-8.
Appellant argues that the photographs prejudiced him since the photographs did not depict the tires in the same condition as they were found in appellant's van. Further, the photographs depict the tires clean and mounted onto Wykoff's vehicle. In the present case, there was sufficient testimony that the photographs were not a replica of the tires found in appellant's van on January 16, 1997. Both Wykoff and Officer Dunkman stated that the only difference between the second set of photographs and the tires found in appellant's van was the fact they were dirty. Further, the prosecution adequately explained that the photographs do not represent an exact replica of the tires found in appellant's van because they were dirty. We find that the jury was not confused or mislead as to the condition of the tires at the time of appellant's arrest. Therefore, there was no prejudice. As a result, we find that the trial court's ruling that the photographs are not subject to Evid.R. 403, was not arbitrary, unreasonable, or unconscionable.
As for appellant's argument that the photographs were not properly authenticated, we disagree. Both Wykoff and Officer Dunkman testified that they had first hand knowledge of the condition of the tires on January 16, 1997. Wykoff testified that he was shown the tires while they were in appellant's van. Further, Wykoff stated that on a monthly basis he washed his tires and was familiar with the tires when they were clean and dirty. Officer Dunkman testified that he saw the tires in appellant's van and took the original set of photographs of the tires. Therefore, both Wykoff and Officer Dunkman had first hand knowledge of the condition of the tires on January 16, 1997.
Both Wykoff and Officer Dunkman testified, that with the exception that the tires were dirty on January 16, 1997, the second set of photographs fairly and adequately depicted the condition of the tires that they saw in appellant's van. More specifically, Officer Dunkman testified that the tires in the photographs were the same brand, type, and size as those that he discovered in appellant's van on January 16, 1997.
Based on the foregoing there was sufficient evidence that established that the second set of photographs fairly and accurately demonstrated the condition of the tires at the time of appellant's arrest. Therefore, the photographs were properly authenticated and appellant's second assignment of error is overruled.
In his third assignment of error, appellant argues that the verdict is against the manifest weight of the evidence. We disagree.
In order for a court of appeals to reverse a trial court's judgment on the basis that a verdict is against the manifest weight of the evidence, the appellate court must unanimously disagree with the fact finder's resolution of any conflicting testimony. State v. Thompkins (1997), 78 Ohio St.3d 380, 389. The standard for reversal for manifest weight of the evidence has been summarized as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inference, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in exceptional case in which the evidence weighs heavily against the conviction.
Thompkins, 78 Ohio St.3d at 387 (quoting State v. Martin (1983),20 Ohio App.3d 172, 175).
In the present case, appellant's conviction was not against the manifest weight of the evidence. R.C. 2913.57(A) defines stolen property as receiving, retaining or disposing of property of another, knowing or having reasonable cause to believe that the property was stolen. Wykoff positively identified the tires found in appellant's van as his property. When Officer Dunkman asked appellant to explain the presence of the tires in his van, appellant denied any knowledge that the tires were his, and never made an attempt to explain that he owned the tires until trial. Although, appellant presented some evidence indicating that he purchased tires from Myers, Myers could not remember the sale to appellant or whether he sold the type of tires that were found in appellant's van. Based upon this record, we do not find that the jury lost its way and created a manifest miscarriage of justice. Accordingly, appellant's conviction is not against the manifest weight of the evidence and his third assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.